IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

James W. Long,                    )
                                  )
        Plaintiff,                )
                                  )
        v.                        )    1:12cv787 (JCC/TCB)
                                  )
Teradata Corporation, et al.,     )
                                  )
                                  )
        Defendants.               )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on the Motions to
Dismiss filed by Defendant Janet Y. Hong [Dkt. 25] and by
Defendants Teradata Corporation, Michael Owellen, and Robert
Trenkamp [Dkt. 27] (collectively "Defendants").  For the
following reasons, the Court will grant Defendants' Motions.

### I. Background

The basic facts of this case are recounted in the
Court's Memorandum Opinion dated September 10, 2012, familiarity
with which is presumed.

Plaintiff James Long is an African-American male who
was an employee of V-Soft Consulting Group ("V-Soft"), a non-
party.  On May 26, 2011, Long filed a Charge of Discrimination
with the U.S. Equal Employment Opportunity Commission ("EEOC")
alleging racial discrimination under Title VII.  On June 21,

1

2011, the EEOC issued a "right-to-sue letter" which provided that Long must file suit in federal or state court "within 90 days" of receipt of the letter. (Compl. [Dkt. 1] ¶ 13; Ex. A, Compl. [Dkt. 1-1].) Long originally filed suit in the United States District Court for the District of Columbia on August 5, 2011. (Compl. [Dkt. 1] ¶ 13; Ex. B, Compl. [Dkt. 1-2].) On January 12, 2012, that court dismissed Long's case without prejudice for lack of personal jurisdiction. (*Id.*)

Long subsequently filed suit in this Court on July 16, 2012. [Dkt. 1.] The original Complaint contained six counts: (1) racial discrimination under Title VII against only Defendant Teradata (Count I); (2) racial discrimination under 42 U.S.C. § 1981 against only Defendants Teradata, Owellen, and Trenkamp (Count II); tortious inference with an existing contract (Count IV); common law conspiracy (Count V); and intentional infliction of emotional distress (Count VI). (*Id.*)

The Court dismissed the complaint on September 10, 2012. [Dkt. 22, 23.] The Court held that the Title VII claim was time barred and thus dismissed Count I with prejudice. The Court dismissed the remaining five counts without prejudice for failure to state a claim. The Court dismissed Count II, the Section 1981 claim, finding that Long had failed to allege sufficiently that Defendants' actions were racially motivated. The Court dismissed Count III, the tortious interference claim,

because it held that Long failed to allege plausibly that Defendants' actions caused V-Soft to terminate Long. The Court dismissed Count IV, the common law conspiracy claim, because it held that Long had failed to pled sufficiently the claimed wrong underlying the alleged conspiracy: racial discrimination. The Court dismissed Count V, the statutory business conspiracy claim, based on Long's concession in the hearing on the motions to dismiss. Finally, the Court dismissed Count VI, the intentional infliction of emotion distress claim, based on Long's failure to allege sufficiently the outrageousness of Defendants' conduct and the severity of Long's emotional distress. [Dkt. 22.]

Long timely filed his Amended Complaint on September 20, 2012. [Dkt. 24.] In his Amended Complaint, Long reasserts three claims: his Section 1981 claim (Count I); his tortious interference with contract claim (Count II); and his common law conspiracy claim (Count III). (*Id.*) On October 1, 2012, Defendant Hong filed a Motion to Dismiss [Dkt. 25], along with a supporting memorandum [Dkt. 25-1]. That same day, Defendants Teradata Corporation, Michael Owellen, and Robert Trenkamp filed their Motion to Dismiss [Dkt. 27] and accompanying memorandum [Dkt. 27-1]. Plaintiff filed an opposition brief responding to both motions on October 15, 2012. [Dkt. 29.] Defendants

Teradata Corporation, Owellen, and Trenkamp replied on October 22, 2012.

Defendants' Motions are before the Court.

## II.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff. *See Randall v. United States,* 30 F.3d 518, 522 (4th Cir. 1994).

A court must also be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citation omitted).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

4

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

### III.   Analysis

#### A.   Count I: Section 1981

In Count I of the Amended Complaint, Long brings a claim of racial discrimination under 42 U.S.C. § 1981 against Defendants Teradata, Owellen, and Trenkamp. (Am. Compl. [Dkt. 24] ¶¶ 22-52.) This Court previously dismissed this claim based on Long's failure to state plausible allegations that Defendants' actions were because of his race. The Court concludes that Long again fails to state this claim in his Amended Complaint for the same reasons set out in its prior opinion.

In order to state a claim for racial discrimination under § 1981, a plaintiff must allege three things: (1) "that he is a member of a racial minority; (2) "that the defendants' termination of his employment was *because of his race*;" and (3) "that their discrimination was intentional." *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 345 (4th Cir. 2006) (emphasis in original).   In response to Long's Amended Complaint, Defendants renew their challenge that Long failed to sufficiently allege that Defendants took the alleged actions *because* of Long's race.

Long fails to present factual allegations plausibly supporting his claim for racial discrimination.   His allegations remain almost exactly the same with the primary exception of three new paragraphs.[1]   (*See* Am. Compl. ¶¶ 29-31.)   First, as

---

[1]     The Court will disregard the affidavit of Dr. Lewis attached to Long's opposition.   (Aff. Amos Lewis, Ex. A, Pl. Opp. [Dkt. 29-1].)   Long did not attach this document to his original or amended complaint, nor did he explicitly reference or rely on it within either complaint.   Instead, he attaches it for the first time to his opposition brief.   In considering a motion to dismiss, a court is limited to considering the pleadings, documents attached to the pleadings, documents integral to, relied on, or referenced within the pleadings, and official public records pertinent to the plaintiff's claims.   *See Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995).   Although Plaintiff asserts that he relied on the affidavit while preparing his complaints and case, this is insufficient here.   As noted in the case to which Plaintiff points, "plaintiff's reliance on *the terms and effect of a document* in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion."   *Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 757 & n. 4 (W.D. Va. 2007) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)) (emphasis added), *aff'd*, 282 F. App'x 260 (4th Cir. 2008).   Such necessary reliance on the terms and effect of a document generally arises in cases involving a written contract, agreement, or other legal document that is integral and foundational to the claims at issue.   *See id.*; *Am. Chiropractic Ass'n v.*

before, Long primarily relies on legal conclusions regarding
Defendants' intent and motive: that Long "was discriminated
against because of his race," that Defendants acted with
"intentionally discriminatory purposes on the basis of [Long's]
race," and that Defendants' stated justifications for their
actions (the accusations that Long had sexually harassed Hong
and Long's alleged substandard work) were "pretext for the
adverse employment action." (*See* Am. Compl. ¶¶ 4, 27, 32, 34,
47, 50, 56.)  As noted in its prior opinion, the Court is not
obligated to accept such legal conclusions as true.  *See Jordan*,
458 F.3d at 344-47 (holding that plaintiff's allegations that
his "race was a motivating factor in the conduct and decisions
of [the defendants]" was insufficient to state a claim for
racial discrimination); *see also Iqbal*, 556 U.S. at 680 (holding
that the plaintiff's allegation that the defendants acted
"solely on account of [his] religion, race, and/or national
origin and for no legitimate penological interest" was
"conclusory and not entitled to be assumed true").

---

*Trigon Healthcare, Inc.*, 367 F.3d 212, 233-34 (4th Cir. 2004); *Chambers*,
Inc., 282 F.3d at 152-54 & n.3 (2d Cir. 2002) (collecting cases).  This is
not such a case.  As a result, the Court concludes that the affidavit is
outside the proper scope of this Court's review of the motions to dismiss.
     The Court also notes that even if consideration of the affidavit was
proper, the affidavit makes almost no mention of race. (*See* Aff. Amos Lewis,
Ex. A, Pl. Opp. [Dkt. 29-1].)  In it, Dr. Lewis does not mention the race of
the former coworker which Defendant Hong allegedly previously accused of
sexual harassment. (*Id.*)  He also does not mention, or state any opinions
about, Defendants' alleged racially discriminatory motives but rather only
indicates that he believes Defendants' stated reasons are "most likely false
as they were never investigated or substantiated." (*Id.*)

Second, the factual allegations in the Amended
Complaint remain insufficient to allow the Court "to draw a
reasonable inference" that Defendants discriminated against Long
*because* of his race.  *Iqbal*, 556 U.S. at 678, 679.  The
paragraphs added in the Amended Complaint do not provide
adequate factual allegations to support Long's legal
conclusions.  These paragraphs reiterate, without any new facts
or details of substance, Long's previous assertion that Hong
(against whom Long does not bring his § 1981 claim) previously
accused coworkers who were "men of color" of sexual harassment
and inferior work product, resulting in Teradata eventually
terminating these workers due to her accusations.  (*See* Am.
Compl. ¶¶ 29-31.)  Long also asserts that Hong did not bring
such allegations against white coworkers and that Teradata
accordingly did not bring adverse employment actions against
these white coworkers.  (*See id.*)  As Defendants note, such
allegations only indicate that Defendant Teradata treated all
employees accused of sexual harassment and poor work product the
same way.  (*See* Defs. Teradata, Owellen, and Trenkamp Mem. [Dkt.
27-1] at 8-9 n. 5.)  None of the allegations in the Amended
Complaint provide any basis to conclude that Defendants
Teradata, Owellen, or Trenkamp treated Long, as an African
American employee accused of sexual harassment and substandard
work, differently than any white employee accused of the same

8

conduct. *See Jordan*, 458 F.3d at 347.  The amended allegations thus do not plausibly support an inference of bias on the part of Defendants Teradata, Trenkamp, or Owellen.  *See id.*

        In fact, other factual allegations provided by Long raise the opposite inference, that there was no discrimination by Defendants.  Under well-established Fourth Circuit precedent, "[w]hen the person who allegedly discriminated against an employee is the same person who hired the employee, there is also a strong presumption that discrimination did not motivate the employer's actions." *McDonald v. Loudoun County Bd. of Sup'rs.*, No. 1:10-cv-449, 2011 WL 3951621, at *4 (E.D. Va. Sept. 6, 2011) (citing *Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991)); *see also Vercilli v. World Courier, Inc.*, No. 1:11-cv-944, 2012 WL 3283436, at *6 (E.D. Va. Aug. 10, 2012) ("[T]he Fourth Circuit recognizes a 'same actor' inference that presumes that an employer's stated reason for acting against an employee is not pretextual when the employee was hired and fired by the same person within a relatively short time span.").  The individual Defendants whom Long alleges discriminated against him -- Defendants Trenkamp and Owellen -- are the same persons who previously participated in hiring him. (*See* Am. Compl. ¶¶ 15, 24, 32 (alleging that only Defendant Trenkamp "possessed the ability or authority to hire and fire" Long and that Defendant Owellen was primarily involved in the process of hiring Long, as

well as that less than six months later Trenkamp and Owellen participated in firing him because of his race).)  As a result, such allegations give rise to the 'same actor' inference, further undermining Long's assertion that Defendants' actions were racially motivated.

Despite Long's opportunity to amend his pleadings, for the reasons stated above and in this Court's prior opinion, the Court finds that Long has failed to support his "'naked assertions' of wrongdoing'" with the necessary "'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).  Based on the continued inadequacy of Long's pleadings on this claim, the Court concludes that Long's Section 1981 claim should be dismissed with prejudice.

B.   **Count II: Tortious Interference with Contract**

In Count II of the Amended Complaint, Long brings a tortious interference with contract claim.  (Am. Compl. [Dkt. 24] ¶¶ 53-55.)  In its previous opinion, the Court dismissed this claim because it found that Long had not alleged plausibly that Defendant's actions caused his termination with V-Soft. The Court concludes that Long still has not pled causation adequately in his Amended Complaint.

10

In order to bring a tortious interference with contract claim in Virginia, a plaintiff must allege "(i) the existence of a valid contractual relationship or business expectancy; (ii) knowledge of the relationship or expectancy on the part of the interferer; (iii) intentional interference *inducing or causing* a breach or termination of the relationship or expectancy; and (iv) resultant damage to the party whose relationship or expectancy has been disrupted." *Lewis-Gale Medical Center, LLC v. Alldredge*, 710 S.E. 2d 716, 720 (Va. 2011) (emphasis added).

In his Amended Complaint, Long restates the identical allegations in support of this claim that this Court previously found deficient, with no substantive amendments.[2] (*Compare* Am. Compl. ¶¶ 45, 54-55 *with* Compl. ¶¶ 45, 54-55.) As the Court noted in its prior opinion, the allegations that V-Soft concluded that there was "no evidence in support of a claim of sexual harassment," that it "clear[ed] the Plaintiff of the sexual harassment claim," that it "den[ies] that they had terminated the Plaintiff," and that it claims it "fail[ed] to locate another assignment for him ... because 'they thought he had quit'" directly contradicts Long's conclusory allegation that Defendants' alleged interference caused V-Soft to terminate

---

[2] For the reasons stated in note 1 above, the Court disregards Dr. Lewis' affidavit in considering the sufficiency of Long's pleadings on Count II.

Long's contract.  (Am. Compl. ¶¶ 45, 54-55.)  Given the
continued inadequacy of these allegations, and Long's failure to
amend them despite the opportunity to do so, the Court will
dismiss his tortious interference claim with prejudice.

### C.   **Count III: Common Law Conspiracy**

In Count III of the Amended Complaint, Long brings a
state law claim for "common law conspiracy."  (Am. Compl. [Dkt.
24] ¶¶ 56-59.)  The Court previously dismissed Long's common law
conspiracy claim because it found that Long had failed to plead
racial discrimination sufficiently, the alleged wrong underlying
the claimed conspiracy between the Defendants.  (Mem. Op. [Dkt.
22] at 15-16.)  The Court again will dismiss this claim.

Under Virginia law, the elements of a common law civil
conspiracy claim are (1) an agreement between two or more
persons" (2) "to accomplish an unlawful purpose or to accomplish
a lawful purpose by unlawful means," which (3) "results in
damage to plaintiff."  *Firestone v. Wiley*, 485 F. Supp. 2d 694,
703 (E.D. Va. 2007) (citing *Glass v. Glass*, 321 S.E. 2d 69 (Va.
1984).  In addition, such a claim "generally requires proof that
the underlying tort was committed."  *Tire Eng'g & Distribution,*
*LLC v. Shandong Linglong Rubber Co., Ltd.*, 682 F.3d 292, 311
(4th Cir. 2012) (quoting *Almy v. Grisham*, 639 S.E. 2d 182, 189
(Va. 2007)).  If the Court dismisses a plaintiff's claim for the

underlying actionable wrong, the Court must also dismiss the corresponding conspiracy claim. *Id.*

As in his original Complaint, the alleged underlying wrong for Long's conspiracy claim in his Amended Complaint is Defendants' alleged racial discrimination against Long. (*See* Pl. Opp. [Dkt. 29] at 23-24; Am. Compl. [Dkt. 24] ¶ 56.) As discussed above, the Court again concludes that Long has failed to state a claim for racial discrimination, and therefore the Court finds that Long also has failed to state his civil conspiracy claim. Since the Court has held that Long's racial discrimination claim should be dismissed with prejudice given his failure to state a plausible claim despite the opportunity to amend, the Court also dismisses the corresponding civil conspiracy claim with prejudice.

## IV.    Conclusion

For these reasons, the Court will grant Defendants' Motions to Dismiss the Amended Complaint. As this is Plaintiff's third overall attempt to state his claims, and given that his allegations remain inadequate despite the previously opportunity to amend them, the Court concludes that dismissal should be with prejudice.

An appropriate Order will issue.

/s/
_____
December 4, 2012                            James C. Cacheris
Alexandria, Virginia          UNITED STATES DISTRICT COURT JUDGE